IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS RAFAEL BORGES,<br>        Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:24-cv-01233 -HJB |
| | § | |
| | § | |
| | § | |
| BEXAR COUNTY, TEXAS; and | § | |
| JAVIER SALAZAR, INDIVIDUALLY, | § | |
|        Defendants. | § | |

## PLAINTIFF'S MOTION TO COMPEL AND FOR ORDER TO SHOW CAUSE

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

NOW COMES PLAINTIFF LUIS RAFAEL BORGES ("Mr. Borges"), by and through his undersigned attorneys of record, and, in accordance with Federal Rules of Civil Procedure 37(a) and 45(g), files this, his Motion to Compel and For Order to Show Cause ("Motion"). For cause of action, Mr. Borges would show unto the Court the following:

### I.
### STATEMENT OF FACTS

Mr. Richard Villarreal ("Villarreal) is a retired Bexar County Sheriff's Office deputy who played a central role in the events forming the basis of this lawsuit. On June 4, 2024, he was directed by supervisors to conduct a home inspection of Mr. Borges' home pursuant to Defendant Javier Salazar's ("Salazar") unwritten "home inspection" policy as part of the County's background investigation for employment. He has been identified by Defendants in discovery as a witness with personal knowledge of claims and defenses in this litigation.

A.    An Unwritten Shadow Policy Invites Abuse and Defies Oversight

By way of background, the Court should note that the Bexar County Sheriff's Office Policy Manual includes a "General Employment Matters" policy, approved by Salazar, that calls for "an investigation into the character and background" of an applicant to "ensure that persons with criminal records, *questionable morals* (emphasis added) or loyalty and unstable personalities are not employed within the BCSO."  See Exhibit 1, Bexar County Sheriff's Office Policy Manual, General Employment Matters, 4.03.   The policy's reference to "questionable morals" is inherently vague and subjective,  providing  no  objective  criteria  for  assessment  and  thereby inviting arbitrary interpretations and potential discrimination.  Equally troubling is that nowhere does the policy reference, authorize, or require a "home inspection" of an applicant's private residence as part of that process.  Nor does it define any criteria, purpose, or limits for such an inspection.

The absence of any written standards or procedures regulating home inspections renders the practice an unwritten and informal policy, created and implemented outside the approved scope of BCSO's employment rules but permitted and condoned by Salazar, a final policymaker.  This lack of guidance effectively grants unchecked discretion to individual inspectors—allowing them to determine unilaterally whether to conduct a home visit, what to examine, and how to interpret what they observe.  This "shadow policy" grants unchecked discretion without oversight or accountability.

B.      Villarreal Conducts An Unconstitutional Religious Inquisition

During the June 4, 2024, inspection, Villarreal entered Mr. Borges' home, took numerous photographs of the interior, and engaged Mr. Borges in a series of probing and intrusive questions. Following the visit, Villarreal prepared a written "Home Investigation Summary," dated June 4, 2024, which he delivered to Salazar.  (See Exhibit 2, Home Investigation Summary, June 4, 2024).

The report offers an unfiltered and troubling view into what began as a purported "home inspection" but quickly devolved into a religious inquisition. Rather than focusing on legitimate employment-related matters, Villarreal's line of questioning centered on the Borges family's faith, religious symbols, and personal beliefs—drawing unwarranted conclusions about their character and supposed affiliations.

The following is a summary of the exchange between Villarreal (in his own words), Mr. Borges, and Ms. Borges during this encounter:

- As I walked through the large living area and found a small Offrenda (sic) type altar. I asked the applicant about this and he stated that was his wife's belief in Santa Muerte. I asked him does he believe in this he stated NO I am a die hard catholic and pulled out his necklace with his crucifix. He stated that he respects his wife's beliefs. I asked him if he understood the relationship of the Santa Muerte and the Mexican gangs. He stated he has no belief in Santa Muerte and it's his wife's belief.

- As I left, she came out of her home and came to my vehicle. She asked why I took pictures of her altar and felt her privacy was invaded.

- I also reiterated what Santa Muerte means to us as far as Mexican gangs.

(See Exhibit 2, Home Investigation Summary, June 4, 2024).

These inquiries were irrelevant, intrusive, and discriminatory, supporting Mr. Borges's claims that Defendants engaged in religion-based discrimination and created barriers to employment rooted in prejudice rather than legitimate background concerns. Villareal's testimony is therefore essential to establish Defendants' discriminatory motives, their delegation of improper investigative authority, and the constitutional and civil rights violations at issue.

C.     Mr. Borges Made a Good Faith Attempt to Confer – Villarreal Remained Silent

On August 14, 2025, the undersigned counsel sent written correspondence to Villarreal at his home address, 311 Threadneedle Lane, San Antonio, Texas 78227, advising him of Mr. Borges's intent to take his deposition regarding the June 4, 2024, "home inspection" he conducted

in connection with Mr. Borges's employment application.  (See Exhibit 3, Correspondence from Mark Anthony Sánchez, Esq. to Richard Villarreal, dated August 14, 2025).  The letter specifically sought to schedule the deposition cooperatively, invited Villarreal to contact the undersigned to select a mutually convenient date and time, and requested a response no later than August 22, 2025.  The letter further advised that, in the absence of a response, the undersigned would proceed unilaterally to schedule the deposition.  Villarreal never responded to this letter and made no effort to contact the undersigned to confer, select a date, or raise any objection.

D.      In the Face of Villarreal's Silence, Mr. Borges Properly Proceeded by Subpoena

Having received no response, the undersigned issued and served a Notice of Intent to Take Oral and Video Deposition and Subpoena Duces Tecum directed to Villarreal, commanding him to appear for deposition on October 1, 2025, at 10:00 a.m. at the offices of SÁNCHEZ & WILSON, P.L.L.C., 6243 IH-10 West, Suite 1025, San Antonio, Texas 78201.  (See Exhibit 4, Notice and Subpoena).  The subpoena also commanded Villarreal to produce documents described in Exhibit 1 to the subpoena concerning communications, recordings, and photographs related to Mr. Borges's employment application and home inspection.  Villarreal was personally served with the subpoena.  (See Exhibit 4, Notice and Subpoena).

E.      Villarreal's Noncompliance: No Appearance, No Documents, No Explanation

On October 1, 2025, the undersigned, counsel for Defendants, and the court reporter convened for the scheduled deposition.  Villarreal failed to appear, and no representative appeared on his behalf.  He also failed to produce any of the requested documents.  Villarreal made no effort to contact the undersigned, seek a protective order, or otherwise provide an excuse for his failure to appear and non-compliance.  The undersigned took a Certificate of Non-Appearance from the court reporter.  (See Exhibit 5, Certificate of Non-Appearance).

4

## II.
## ARGUMENT AND AUTHORITIES

A.      The Court Should Compel Compliance Under Rule 37(a)

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) expressly authorizes a motion to compel when a party fails to produce documents or fails to permit inspection as requested under Rule 34. See FED.R.CIV.P. 37(a)(3)(B)(iv).  The same enforcement principles apply when a subpoena issued under Rule 45 compels production of documents.  See FED.R.CIV.P. 45.  Here, Villarreal has failed to produce the materials specifically identified in Exhibit 1 of Mr. Borges's subpoena, despite proper service and ample opportunity to comply.  His continued noncompliance warrants an order compelling immediate production.

The Fifth Circuit has made clear that civil contempt sanctions are appropriate when a subpoenaed non-party refuses to comply with discovery obligations.  In Petroleos Mexicanos v. Crawford Enterprises, Inc., the court affirmed a civil contempt order, emphasizing that a movant need only establish by clear and convincing evidence that a court order was in effect, that the order required certain conduct, and that the respondent failed to comply.  See Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 401 (5th Cir. 1987).  The court further held that willfulness is not an element of civil contempt, and a failure to act in good faith is sufficient to justify coercive or compensatory relief.  Id. at 401–02.

Here, the subpoena constitutes a valid and enforceable court order under Rule 45, the order required certain conduct by Villarreal, and Villarreal's failure to produce documents satisfies the Fifth Circuit's standard.  The Court should therefore issue an order compelling immediate compliance under Rule 37(a).

B.      The Court Should Issue an Order to Show Cause Under Rule 45(g)

Rule 45(g) empowers this Court to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.  See FED.R.CIV.P. 45(g).  Villarreal was duly served, commanded to appear for deposition and produce documents, and was provided a reasonable opportunity to confer.  He has offered no explanation or justification for his noncompliance.  His silence and refusal constitute a clear violation warranting contempt.

Courts routinely enforce Rule 45 through orders to show cause and sanctions when witnesses disregard subpoenas.  In In re Grand Jury Proceedings, the Fifth Circuit reaffirmed the judiciary's inherent authority to ensure compliance, holding that a subpoena duces tecum may not be ignored and that noncompliance subjects the recipient to contempt absent a valid excuse.  See In re Grand Jury Proceedings, 601 F.2d 162, 169 (5th Cir. 1979). Similarly, in Petroleos Mexicanos, the Fifth Circuit upheld a contempt sanction exceeding $79,000 against a recalcitrant subpoena recipient, recognizing that "civil contempt serves both to coerce compliance and compensate parties injured by noncompliance." See Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d at 401.  Villarreal's conduct mirrors that of the contemnors in Petroleos Mexicanos: he has disregarded a valid subpoena, failed to communicate, and frustrated discovery necessary for Mr. Borges's claims. Under the governing precedent, this Court should exercise its authority to (1) compel compliance, and (2) issue an Order to Show Cause requiring Villarreal to appear and explain why he should not be held in civil contempt and sanctioned for his failure to obey.

### III.
### RELIEF REQUESTED

Mr. Borges respectfully requests that the Court:

1. Order non-party Richard A. Villarreal to appear in person at the United States Courthouse in San Antonio, Texas, for the taking of his deposition on a date ordered

by the Court, so that the proceeding may occur under the direct supervision and authority of the Court.

2. Order Mr. Villarreal to produce all documents identified in Exhibit 1 to the subpoena at or before the rescheduled deposition.

3. Award Mr. Borges reasonable attorney's fees and costs incurred in preparing and filing this motion under Rule 37(a)(5).

4. Issue an Order to Show Cause directing Villarreal to appear before this Court and explain why he should not be held in civil contempt pursuant to Rule 45(g); and

5. Grant such other and further relief to which Mr. Borges may be justly entitled.

**IV.**
**<u>CONCLUSION</u>**

Villarreal's disregard of a duly served subpoena has delayed discovery and prejudiced Mr. Borges's ability to obtain relevant testimony and documents. The Court should compel compliance and hold Villarreal accountable under Rule 37(a) and 45(g).

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF LUIS RAFAEL BORGES respectfully pray that the Court take judicial notice of his Motion to Compel and For Order to Show Cause and grant him further relief, either at law or in equity, to which he may be justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

SÁNCHEZ & WILSON, P.L.L.C.
www.SanchezWilson.com
MARK ANTHONY SÁNCHEZ, ESQ.
6243 IH-10 West, Suite 1025
San Antonio, Texas 78201
(210) 222-8899
(210) 222-9526 (TELECOPIER)
E-MAIL ADDRESS:  mas@sanchezwilson.com
WEB SITE:  www.sanchezwilson.com
ATTORNEYS FOR PLAINTIFF

</div>

By:  /s/ Mark Anthony Sánchez
MARK ANTHONY SÁNCHEZ, ESQ.
TEXAS STATE BAR NO. 00795857

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Plaintiff's Motion to Compel and For Order to Show Cause has been delivered *via* E-File Notification on this the 3rd day of October, 2025, to José E. Herrera, Esq., Assistant District Attorney - Civil Division, 101 W. Nueva Street, 7th Floor, San Antonio, Texas 78205.

/s/ Mark Anthony Sánchez
MARK ANTHONY SANCHEZ, ESQ.

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on the 3rd day of October 2025.

/s/ Mark Anthony Sánchez
MARK ANTHONY SANCHEZ, ESQ.

G:\My Files\1-Sanchez\Borges, Luis\Pleadings\Motion - Show Cause.docx

8